UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUJUN JOHNSON, | 1:09-cv-00237-OWW-SMS |
|       Plaintiff, | **ORDER DIRECTING PLAINTIFF TO SUPPLEMENT MOTION FOR DEFAULT JUDGMENT BY OCTOBER 26, 2009** |
| vs. | (Docs. 16 & 17) |
| PHOENIX DEBT MANAGEMENT, | |
|       Defendant. | |

Because claims that are legally insufficient are not established by a party's default, a Court, in considering an application for default judgment, must determine whether the claims upon which Plaintiff seeks a default judgment are legally sufficient.  An application for default judgment qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101, and should include briefs pursuant to Local Rule 78-230(b). Thus, when seeking a default judgment, plaintiff should provide the Court with points and authorities containing citations to authority showing that Plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief.  It is the party's burden to demonstrate to the Court that, under the pertinent law, Plaintiff's claims, as alleged, are legally sufficient.

If a party states multiple claims but judgment is sought on only some, or a party seeks judgment against fewer than all of the parties, and the moving party does not notify the Court that the other claims and/or parties have been or will be dismissed, then the moving party should specify in the application the claims upon which, and the parties against whom, judgment is sought.  Further, the party should provide authority and argument sufficient to support both a request that the Court make a finding pursuant to Fed. R. Civ. P. 54(b) that there is no just cause for delay, and a direction that a final judgment on some of the claims and/or against some of the parties should be entered.

Likewise, Plaintiff should supply the Court with all pertinent and necessary legal authority pursuant to which it is appropriate to enter judgment against a particular party based upon the allegations of the party's standing, status, agency, participation, or other alleged basis for liability of the particular party.

Generally, the scope of proceedings on an application for default judgment involves a determination of damages, which Plaintiff must prove by evidence, whether by affidavits where an evidentiary hearing is waived, Davis v. Fendler, 650 F.2d 1154, 1161-62 (9th Cr. 1981), or by evidence, Fed. R. Civ. P. 55(b)(2).

The Court thus anticipates that a party seeking a default judgment will provide the Court with evidence sufficient to prove the amount of any damages or recovery sought.  Depending on the circumstances, Plaintiff may be required to inform the Court of what remedy or remedies Plaintiff has elected if an election of remedies is required under the law, and Plaintiff may need to

1  provide evidence of any tender or other precondition to recovery.
2  The party should also provide the Court with legal authority in
3  support of the measure and propriety of damages sought to be
4  recovered, or of the propriety of nature and extent of relief
5  sought.  Depending on the claims made by Plaintiff, this may
6  include informing the Court of the source of the law governing
7  the measure of damages, including interest (i.e., federal or
8  state), providing statutory and case law defining the appropriate
9  measure of damages and interest and method of computation of any
10 interest sought, and providing the Court with the law and an
11 analysis of the pertinent facts regarding any election of
12 remedies that Plaintiff has made or must make.  If multiple
13 remedies are sought, Plaintiff should establish by citation of
14 authority that Plaintiff is entitled to cumulative remedies and
15 that the remedies are not inconsistent.  If attorney's fees and
16 costs are sought, authority for such recovery must be submitted.
17      A judgment by default shall not be different in kind from or
18 exceed in amount that prayed for in the demand for judgment.
19 Fed. R. Civ. P. 54(c).  Thus, a party seeking default judgment
20 should demonstrate to the Court that the relief sought is within
21 the prayer of the party's complaint.
22      Therefore, Plaintiff is **DIRECTED** to include adequate
23 briefing and submissions with the application/motion for default
24 judgment (Docs. 16 & 17) by **October 26, 2009.**
25 IT IS SO ORDERED.

**Dated:   October 5, 2009**           /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

3